UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                      Case No. 23-cr-20341

v.                                                      HON. MARK A. GOLDSMITH

AUSTIN CHAPPELL,

       Defendant.

_____/

## ORDER FOR ADDITIONAL BRIEFING AND SETTING A HEARING, FINAL PRETRIAL CONFERENCE, AND TRIAL DATE

The parties are directed to file supplemental briefs (not to exceed five pages), on or before October 11, 2024, addressing the following topics:

- The importance, if any, of the fact that the identifying witness is a police officer rather than a layperson. In particular, the parties should cite to case law regarding the suggestiveness of identification procedures where the witness was a police officer, if they are aware of any such cases.

- How, if at all, the subsequent six-photo array conducted by Officer Byas could have been structured to reduce suggestiveness, given the fact that Officer Kavalos had already been shown a picture of Defendant.

A hearing on the motion will be held October 15, 2024 at noon. A final pretrial conference will be held October 22, 2024 at 9:00am. A jury trial is set for November 5, 2024 at 8:30am.

The Court finds that the time until the conclusion of the hearing on the motion continues to constitute excludable delay under 18 U.S.C. § 3161(h)(1)(D); further, the time between the conclusion of the hearing where the matter is fully under advisement by the Court to the date of the Court's ruling on the motion, not to exceed 30 days, constitutes excludable delay under 18 U.S.C. § 3161(h)(1)(H). The Court also finds the time between the date of the Court's ruling on

2

the motion through the new trial date is excludable delay under 18 U.S.C. § 3161(h)(7).  The Court has considered all factors listed in § 3161(h)(7)(B) and concludes that its finding of excludable delay is appropriate due to the (i) complexity of the issues raised by Defendant in connection with the pending motion to suppress identification (Dkt. 22), and (ii) the novel question raised by his motion, i.e., whether the admissibility of witness identification is impacted by the fact that the identifying witness is in law enforcement and investigating a potential suspect immediately after the alleged commission of a crime.  The Court finds that the ends of justice outweigh the best interests of the public and Defendant in a speedy trial under 18 U.S.C. § 3161(h)(7).

SO ORDERED.

Dated: October 8, 2024                                                s/Mark A. Goldsmith
       Detroit, Michigan                                         MARK A. GOLDSMITH
                                                       United States District Judge